UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| C.T., a minor, by and through his Guardian Ad Litem, ADAM TEDDER<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, and DOES 1 through 50, inclusive,<br><br>Defendant. | No. 2:24-cv-03667 WBS CSK<br><br>ORDER |

----oo0oo----

Adam Tedder -- guardian ad litem for plaintiff C.T., a minor -- petitions for approval of a proposed settlement of C.T.'s claims. (Pl.'s Appl. (Docket No. 27).) A minor's claim cannot be settled without court approval. L.R. 202(b).

Courts have a "special duty . . . 'to determine whether [a] settlement serves the best interests of the minor.'" Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir.1978)).

Courts in this District generally rely on state law in making this determination. Mitchell v. Riverstone Residential Grp., No. CIV. S-11-2202 LKK, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013) (citation omitted). California law, the applicable law here, requires the court to approve the amount of "reasonable expenses" -- including medical expenses, costs, and attorney's fees -- that are paid from the settlement. Cal. Prob. Code. § 3601.

The minor's guardian ad litem, Adam Tedder, appeared at the hearing and expressed his approval of the proposed settlement in the gross amount of the $780,000. (Pl.'s Appl. at 3.) The balance of this proposed settlement available to plaintiff is $454.993.30, after deducting the following fees and expenses: $50,000 in reimbursements to plaintiff's medical provider for plaintiff's medical expenses (id. at 5); $15,006.70 in reimbursements to plaintiff's counsel for the costs associated with prosecuting this action (id.); and $260,000 in attorney's fees (id. at 6).

Courts in this District "consider 25% of the recovery as the benchmark for attorney fees in contingency cases for minors, subject to a showing of good cause to exceed that rate." Mitchell, 2013 WL 1680641, at *2 (collecting cases applying California law).[1] Upward departures from the benchmark may be

---

[1] Although the Ninth Circuit has held that courts must consider the reasonableness of a minor's settlement "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel," Robidoux v. Rosengren, 638 F.3d 1177, 1182 (9th Cir. 2011), the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims," id. at 1179 n.2. Where courts are sitting in

permitted based on factors such as counsel's time spent on the case and counsel's expertise. See Est. of Fisher v. Cnty. of Sacramento, No. 2:24-CV-00109-DAD-SCR, 2025 WL 1695998, at *4 (E.D. Cal. June 17, 2025) (collecting cases).[2]

Upon review of the petition, the court is satisfied that the terms of the proposed settlement are otherwise fair and reasonable and in the best interests of the minor plaintiff. In order to afford counsel an opportunity to support their request for fees in excess of the presumed 25%, counsel is HEREBY ORDERED to submit a supplemental filing with the court no later than September 2, 2026, demonstrating why good cause exists in this case to award attorney's fees in the requested sum.[3]

---

diversity and resolving pure state-law issues, the Robidoux rule does not apply. See, e.g., Primerica Life Ins. Co. v. Cassie, No. CIV. 2:12-1570 WBS, 2013 WL 1705033, at *1 (E.D. Cal. Apr. 19, 2013) (Shubb, J.); Mitchell v. Riverstone Residential Grp., No. CIV. S-11-2202 LKK, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013).

[2] See, e.g., Primerica Life Ins. Co. v. Cassie, No. CIV. 2:12-1570 WBS, 2013 WL 1705033, at *2 (E.D. Cal. Apr. 19, 2013) (rejecting counsel's request for one-third of minor's settlement where counsel failed to provide documentation itemizing their fees); see also T.V.S. v. City of Clovis, No. 1:24-CV-00987-KES-EPG, 2026 WL 946904, at *5 (E.D. Cal. Apr. 8, 2026) (permitting counsel to recover 30% of minor's settlement where the amount was reasonable in light of the hours counsel devoted to the case).

[3] For example, plaintiff's counsel may detail how long they have individually been practicing and/or whether this case involved any particularly complex issues. See, e.g., Garcia v. City of Farmersville, No. 1:21-CV-00482-DAD-EPG, 2026 WL 2056586, at *4 (E.D. Cal. July 16, 2026) (awarding 40% attorney's fees where counsel had "been practicing law in California for over 18 years" and had "secured millions of dollars in settlement funds in prior cases"); Knupp v. Amazon.com Servs., LLC, No. 1:23-CV-01112-KES-BAM, 2025 WL 559687, at *5 (E.D. Cal. Feb. 20, 2025), report and recommendation adopted, No. 1:23-CV-01112-KES-BAM, 2025 WL 2021339 (E.D. Cal. July 18, 2025) (awarding 40% attorney's fees where the case involved "complex issues of service of process and corporate identification in China").

Unless further hearing is ordered, upon receipt of counsel's supplemental filing, the court will rule upon the petition for approval of the settlement without further appearance.

Dated: August 31, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE