UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

C.T., a minor, by and through his Guardian Ad Litem, ADAM TEDDER,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC, and DOES 1 through 50, inclusive,

Defendants.

No. 2:24-cv-03667 WBS CSK

ORDER

----oo0oo----

Adam Tedder -- guardian ad litem for plaintiff C.T., a minor -- petitions for approval of a proposed settlement of C.T.'s claims. (Docket No. 27.) The proposed gross settlement amount is $780,000. (Docket No. 27 at 3.) The balance of this proposed settlement available to plaintiff is $454.993.30, after deducting the following fees and expenses: $50,000 in reimbursements to plaintiff's medical provider for plaintiff's medical expenses (id. at 5); $15,006.70 in reimbursements to

plaintiff's counsel for the costs associated with prosecuting this action (id.); and $260,000 in attorney's fees (roughly one-third of the gross settlement) (id. at 6).

The court previously found these terms acceptable, contingent on plaintiff's counsel's providing support for their request of fees in excess of 25% the gross settlement. (Docket No. 29 at 2–3.) Plaintiff's counsel have since filed declarations to that effect. (Decls. (Docket No. 31).)

On review of these declarations, the court finds counsel's requested attorney's fees reasonable. Courts in this district have "approved settlements where more than 25% was paid towards attorneys' fees after considering the circumstances, including counsel's time expended and expertise in the relevant subject matter." Est. of Fisher v. Cnty. of Sacramento, No. 2:24-CV-00109-DAD-SCR, 2025 WL 1695998, at *4 (E.D. Cal. June 17, 2025). Plaintiff's counsel estimates they spent roughly 220 hours on this case. While the amount of attorney's fees relative to the amount of hours devoted to the case is high,[1] other factors weigh in favor of an upward departure.

For example, each of these attorneys has between 11 and 21 years of experience and has handled hundreds of personal injury cases from start to finish -- including several six-, seven-, and eight-figure settlements and verdicts. (Decls. at 3, 7, 10.) Counsel has also represented, and the court has no reason to doubt, that the reputation of their law firm was a significant factor in obtaining a favorable settlement. (Docket

[1] $260,000 in attorney's fees for roughly 220 hours of attorney labor yields a rate of $1,181.82 per attorney hour.

No. 7, 10); see, e.g., Garcia v. City of Farmersville, No. 1:21-CV-00482-DAD-EPG, 2026 WL 2056586, at *4 (E.D. Cal. July 16, 2026) (awarding attorney's fees of 40% gross settlement where counsel had been practicing "for over 18 years, represents to the court that she has secured millions of dollars in settlement funds in prior cases, including a $22 million settlement in a wrongful death action . . . , and her law firm specializes in" the type of law at issue); Fisher, 2025 WL 1695998, at *4.

This case also involved several complex issues, including the discontinuation, and absence of any record of, the product that allegedly caused the injury; the manufacturer's being a Chinese company operating under a fictitious name; and plaintiff's medical provider's maintaining a lien on the settlement for reimbursement of medical expenses, on which plaintiff's counsel negotiated a 74% reduction. (Decls. at 3–4, 6); see Knupp v. Amazon.com Servs., LLC, No. 1:23-CV-01112-KES-BAM, 2025 WL 559687, at *5 (E.D. Cal. Feb. 20, 2025), report and recommendation adopted, No. 1:23-CV-01112-KES-BAM, 2025 WL 2021339 (E.D. Cal. July 18, 2025).

Plaintiff's counsel further took this case on a purely contingent basis and advanced all litigation costs. (Decls. at 4, 7, 10); see Robles v. Riano, No. 2:22-CV-00085-DC-SCR, 2026 WL 622187, at *4 (E.D. Cal. Mar. 5, 2026) (awarding attorney's fees of 33% gross settlement where counsel had been involved with the case for nearly three years, "undertook representation entirely on a contingency basis, advanced litigation costs and settlement payments, and to date ha[d] not received any compensation for their services").

Based on the foregoing factors, counsel's requests for one-third of plaintiff's gross settlement in attorney's fees is reasonable.

IT IS THEREFORE ORDERED that plaintiff's application for approval of minor's compromise (Docket No. 27) be, and the same hereby is, GRANTED.

Dated: September 4, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE