UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| C.T., a minor, by and through his Guardian Ad Litem, ADAM TEDDER,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:24-cv-03667 WBS CSK<br><br><u>ORDER</u> |

----oo0oo----

The court will redact neither the gross settlement amount nor the portion of the settlement devoted to attorney's fees from the court's order approving the minor's compromise. (Docket No. 32.) Such information may only be sealed when there are "compelling reasons" to do so. <u>See</u> <u>Patino v. Cnty. of Merced</u>, No. 1:18-cv-01468-AWI-SAB, 2020 WL 8617417, at *2 (E.D. Cal. Sept. 11, 2020). Plaintiff's sole argument for sealing this information appears to be that it is subject to a confidentiality

provision in the settlement agreement. (Docket No. 25.) The mere existence of a confidentiality provision, however, does not demonstrate compelling reasons to seal the terms of the settlement. See Oreilly v. High Wire Networks, Inc., No. 1:24-CV-00953-KES-CDB, 2026 WL 2393614, at *2 (E.D. Cal. Aug. 17, 2026).

That the court previously sealed this information in plaintiff's application for approval of the minor's compromise (Docket No. 26 at 1-2) does not change this analysis. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."). Indeed, the court's previous sealing order pertained to documents that included the name, date of birth, and medical history of the minor plaintiff. (See Docket No. 26.) None of that information is present in the court's order approving the minor's compromise.

IT IS SO ORDERED.

Dated: September 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE